Louis L. Friedman, J.
This is an article 78 proceeding wherein petitioner seeks to overrule the determination by the State Rent Administrator in a proceeding involving premises No. 511 Eighth Avenue, Brooklyn, New York. The proceedings before the Administrator were on an application for an increase in rent based upon alleged improvements, which it is claimed, were made in two of the apartments in said building sometime in September of 1956. The Administrator denied the application for an increase and relief is now sought in this court. An examination of the petition and of the answer and return filed by the Administrator indicates that the sole basis for the claimed increase in rent was the fact that the landlord had furnished two new, improved and larger refrigerators for the two tenants who occupy the premises for which the increase was sought. It is conceded that these tenants did not consent to the installation of said new refrigerators, but it is claimed that because they1 did not object thereto and continued to use them without objection, that they have accepted what is claimed to be an improvement. The petition alleges in paragraph third: “ That the old refrigerators were very old and beyond repair and had become dangerous to keep on the premises; each being over 15 years in use.” To sustain the contentions made by the petitioner would be tantamount to saying to every landlord who replaced a deteriorated or worthless fixture in a building, that such replacement would entitle him to an increase. True, though it may be, that the replacing article is generally a new one, as compared with the one which is worn out, such fact is insufficient to justify an increase. Had the Administrator granted an increase on the basis of such replacement his actions might be *143 reversible. This court has already held in other cases that the mere continuance of a service, which the landlord has maintained and is already bound to maintain, is not an increase in or addition to existing services (see Nineteen Bldg. Co. v. Weaver, N. Y. L. J., May 23, 1956, p. 12, col. 2; Nirenberg v. McGoldrick, 141 N. Y. S. 2d 622; Schnieder v. McGoldrick, 141 N. Y. S. 2d 492; Matter of Rosdniw Co. v. Temporary State Housing Rent Comm., 205 Misc., 665). It follows that there is no merit to the petition and that the Rent Administrator was justified in making the determination which he did. The petition is, therefore, dismissed.